## CIRCUIT COURT OF THE CITY OF RICHMOND

Ernest Walker

v.

Government Employees Ins. Co.

December 4, 1991

Case No. LT-2500–4

BY JUDGE RANDALL G. JOHNSON

This case, which was removed from the general district court pursuant to Va. Code § 16.1–92, is before the court on plaintiff's motion for sanctions under Va. Code Section 8.01–271.1. Plaintiff claims that defendant's counsel violated § 8.01–271.1 by making a certain statement in the affidavit submitted with defendant's removal application.

On April 17, 1991, plaintiff submitted to defendant, Government Employees Insurance Company, a claim for medical payments under his automobile policy, plaintiff having sustained injury in an automobile accident. On June 13, 1991, defendant not having paid the claim, plaintiff filed a warrant in debt in the general district court. On July 3, counsel for defendant filed its application for removal. In the required affidavit accompanying the application, defendant's counsel stated:

> The defendant has a substantial defense to the above action, to wit: that the medical services rendered to the plaintiff for which the plaintiff seeks reimbursement under a certain insurance policy were not reasonable and necessary.

After the case was removed to this court, plaintiff served interrogatories on defendant. Interrogatory No. 4, and the initial answer thereto, are as follows:

> 4. State in complete detail each and every charge by each and every medical provider which [you] refuse to pay un-

der the terms of your policy, giving the reasons for such refusal to pay and the provisions of the policy which give you the right under the contract [*sic*] to refuse the refused charges.

*Answer*:

Defendants [*sic*] have not refused payment of any charges. They [*sic*] ask that plaintiff provide adequate records to make a decision concerning the applicability of this policy.

It is plaintiff's position that the above interrogatory answer, that defendant has "not refused payment of any charges," is so inconsistent with defendant's counsel's statement in his removal affidavit, that the medical services in question "were not reasonable and necessary," as to warrant sanctions under § 8.01–271.1. Because the court concludes that it is without jurisdiction to award sanctions for any statement contained in the affidavit, plaintiff's motion is denied.[1]

Section 8.01–271.1 provides, in its entirety, as follows:

Section 8.01–271.1. *Signing of pleadings, motions, and other papers; oral motions; sanctions.* — Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, and the attorney's address shall be stated on the first pleading filed by that attorney in the action. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address.

The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well

---

[1] Because of the above finding, no opinion is offered on the merits of plaintiff's motion. I note, however, that in a supplemental interrogatory answer, defendant does specifically set out those charges which it refuses to pay, and also specifically states that such charges are unreasonable and/or unnecessary. Again, the court offers no opinion on whether sanctions are appropriate in light of the initial answer or, if so, whether the supplemental answer is a valid defense to the sanctions which might otherwise be appropriate.

grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

An oral motion made by an attorney or party in any court of the Commonwealth constitutes a representation by him that (i) to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (ii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

It is the last paragraph of the statute which convinces the court that it cannot entertain plaintiff's motion. That paragraph required that upon a violation of the statute, "*the court* . . . shall impose . . . an appropriate sanction . . . ." (Emphasis added.) While the statute does not define the term "the court," I conclude that it can only mean the court in which the offending at occurred. Thus, where, as here, the offending act is alleged to be the filing of a paper, only the court in which the paper is filed can impose sanctions. That is to say, the Circuit Court of the City of Norfolk cannot impose sanctions on a party for filing a pleading in the Circuit Court of Chesterfield County. To hold otherwise would create an unwarranted and uncontrollable power in each court to infringe upon the dignity of other

courts. The same is true with regard to this court's awarding sanctions for a pleading or other paper filed in a general district court. While it is true that the filing of a removal application and affidavit causes the case to be removed to this court, and while it is also true that once removed, all of the pleadings and other papers filed in the district court become a part of this court's file, the application and affidavit are still filed in the district court, not this court. This court simply has no jurisdiction, under the circumstances involved here, to control filings in the district court or to grant sanctions for filings already made there. For this reason, plaintiff's motion for sanctions is denied.