## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Robert Revell, et al.

v.

National Carpet & Rug, Inc.

November 1, 1994

Case No. CL94-144

BY JUDGE WILLIAM H. LEDBETTER, JR.

This opinion letter is to memorialize and clarify the court's ruling on October 27, 1994, denying the plaintiffs' motion for partial summary judgment.

The pertinent facts are as follows. The Revells and Lumbermen's Mutual Casualty Company filed a warrant in debt in the Fredericksburg General District Court on February 7, 1994. The plaintiffs' claim is based on tile installation done by the defendant which, according to the plaintiffs, was improper. The case was tried on May 16, 1994, resulting in a judgment for the plaintiffs. In addition, the lower court granted the plaintiffs' motion for sanctions under Virginia Code § 8.01-271.1 in the amount of $1,500.00. Supposedly, the sanctions were imposed because of false and misleading information given to the plaintiffs by former counsel for the defendant concerning the legal relationship between the defendant, a corporation, and the business establishment with which the Revells contracted for the tile work. (Obviously, the lower court found that such a relationship existed because it awarded judgment against the defendant.)

The plaintiffs' motion for partial summary judgment addresses only the sanctions imposed in the general district court. In their motion, the plaintiffs contend that the imposition of those sanctions is not appealable to this court; or, if it is, this court should review the matter under an "abuse of discretion" standard rather than by trial de novo.

Virginia Code § 16.1-106 provides an "appeal of right" from "*any* order or judgment rendered in a court not of record in which the matter in

controversy is of greater value than fifty dollars . . . ." (Emphasis added.) Appeal is to the circuit court.

The sanctions statute (§ 8.01-271.1) contains no provision at variance with the above-cited general appellate procedure.

*Walker v. GEICO*, 26 Va. Cir. 95 (1991), is inapposite. There, the circuit court was asked to impose sanctions because of pleadings and papers filed in the district court. The case had been removed to circuit court under § 16.1-92. The circuit court held that it had no authority to award sanctions for statements contained in pleadings filed in the district court.

Here, the circuit court is not being asked to impose sanctions for something done in the district court. The district court imposed the sanctions. The defendant has appealed that decision and has posted an appropriate bond to cover the amount of the sanctions awarded, as well as the amount of the underlying judgment. Pursuant to § 16.1-106, the defendant is entitled to an appeal de novo.

Pursuant to Virginia Code § 18.2-459, a finding of contempt by a district court is appealable to the circuit court under a special review procedure. Sanctions under § 8.01-271.1 are akin to penalties imposed for contempt of court, but the two are not the same. The special review procedure that applies to findings of contempt in the lower courts cannot be judicially expanded to govern appeals of sanctions imposed under § 8.01-271.1 in the lower courts.

Accordingly, the motion for partial summary judgment will be denied.